ORDER ON REHEARING
This Court’s opinion was delivered on January 28, 1992. On February 3, 1992, the appellant petitioned for rehearing and requested that this Court’s opinion be amended by excluding pickup rentals from the formula suggested on page 11 [page 89] [Mont. p. 104, para. 3, line 6] of the opinion for calculating saw rental deductions.
On February 6, 1992, the respondent filed its petition for rehearing, and among other bases for its petition, requested the same modification at page 11 of our opinion. Since that date, the appellant has withdrawn his petition and objected to the respondent’s petition.
After reviewing the opinion of the hearing examiner for the Department of Labor and Industry, which was affirmed by this Court’s opinion, and the payroll report instruction sheet provided by the State Fund to the appellant, which was the basis for the hearing examiners opinion, we conclude that there is merit in the respondent’s petition.
The general reporting requirements provide that a travel allowance need not be reported as earnings. They then provide that only 75 percent of the “total remuneration” need be reported for an employee who furnishes his own chain saw. It would be inconsistent to exclude travel allowances from the earning that need be reported, but then to include those payments in calculation of the chain saw allowance.
For these reasons, this Court’s previous opinion of January 28, 1992, is amended as follows:
The words “pickup rentals” are deleted from line 7 from the bottom of page 11 [line 7 on page 89] [Mont, page 104, line 4 from bottom].
Except to the extent provided for in the preceding paragraph, the respondent’s petition for rehearing is denied.
The clerk shall mail true and correct copies of this order to all counsel of record and to Timothy W. Reardon, Judge of the Workers’ Compensation Court.